# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-09-265 |
| | § | (CIVIL ACTION NO. C-10-345) |
| HERIBERTO MARTINEZ | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING A CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Heriberto Martinez' (Martinez) motion pursuant to 28 U.S.C. § 2255 (D.E. 56) which was received by the Clerk on October 22, 2010. The motion is dated October 18, 2010. Martinez' motion is untimely. Even if the motion were somehow timely, the motion is subject to dismissal because the claim raised does not entitle him to relief. Martinez' motion is DISMISSED WITH PREJUDICE and he is DENIED a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Martinez was arrested on March 7, 2009, at the Falfurrias, Texas Border Patrol Checkpoint after his tractor-trailer was found to contain approximately 721.59 kilograms of marijuana. D.E. 1. He was later indicted  for possession with intent to distribute more than 100 kilograms of marijuana, approximately 681.39 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). D.E. 9.

Counsel appeared with Martinez at his initial appearance in front of the federal Magistrate Judge on March 9, 2009, and he was arraigned after indictment in April 2009. Minute Entry of 04/15/2009.

Martinez pled guilty at rearraignment on June 8, 2009, pursuant to a written plea agreement with the government. D.E. 17. A Presentence Investigation Report (PSR) was ordered. D.E. 18.

The PSR calculated Martinez' offense using the 2008 edition of the Sentencing Guidelines. D.E. 24 at 5. The base offense level was calculated based upon 681.39 kilograms of marijuana. Id. at ¶ 11. Martinez had no criminal history points which resulted in a Guideline sentencing range of 60-71 months. Id. at ¶ 37.

No objections were filed to the PSR. Sentencing was held on September 16, 2009. D.E. 42. Martinez qualified for a downward departure for "safety valve" and was sentenced to a below-Guidelines term of imprisonment of 37 months, 4 years supervised release, no fine, and a $100 special assessment. Id. Judgment of conviction was entered on the docket on September 22, 2009. Martinez did not appeal. He filed this motion pursuant to 28 U.S.C. § 2255 on October 18, 2010.[1]

### III.  MOVANT'S ALLEGATIONS

Martinez brings a single claim, that his ineligibility for various BOP programs as a result of his status as a deportable alien is a significant mitigating fact that should have been considered by the Court at sentencing and the disparate treatment of aliens and citizens violates his right to equal protection under the law. D.E. 56 at Ground One.

There is a statement on page 6 of Martinez' document that the "district court erred by imposing  .  .  . .aggravated felony enhancement based upon Movant's simple assumed

---

[1]  Martinez is entitled to the benefit of the mailbox rule pursuant to Rule 3(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts." A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mail system on or before the last day for filing." Id.

possession," that does not appear to relate to this proceeding. Martinez was not assessed any enhancements. Accordingly the Court disregards that language.

Martinez explains that his equal protection claim was not raised on appeal because counsel failed to file a timely notice of direct appeal. Id. at ¶ 7(b)(2). On another portion of the form, Martinez explains that this issue was not previously raised, "due to that there was not a direct appeal proceedings, because of the ineffective assistance of counsel during pretrial proceedings." Id. at ¶ 13. Nowhere does Martinez assert that he instructed counsel to file a notice of appeal.

At paragraph 18, Martinez asserts that his motion is timely, referencing Gall,[2] Rita,[3] and the Second Chance Act of 2007. He claims his filing fits within the enlargement of time provided by reference to these authorities.

## IV.  ANALYSIS

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)

---

[2]   Gall v. United States, 552 U.S. 38 (2007).

[3]   Rita v. United States, 551 U.S. 338 (2007).

(per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

**B.      Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4] 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 525 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

At the time of Martinez' conviction, a defendant was required to file a notice of appeal from a criminal judgment no later than ten days after entry of judgment. Fed. R. App. P. 4(b). At that time Rule 26(a)(2) provided that the ten-day period for appealing excluded intermediate

---

[4]  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Saturdays, Sundays and legal holidays.[5] Under Rule 26 in effect at that time, ten days after September 22, 2009, was Tuesday October 6, 2009, which meant that Martinez' notice of appeal had to be filed not later than Tuesday, October 6, 2009.

Martinez did not appeal. His conviction became final when the time for filing an appeal expired, or on October 6, 2009. He had one year from that date, or until October 6, 2010, to file his § 2255 motion. Martinez' § 2255 motion was filed October 18, 2010, and was, therefore, untimely.

Martinez claims that the provision in the statute for filing a § 2255 motion within one year after a "right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," applies. Yet the decisions and statutory authority he relies upon were all decided in 2007, *before* he was sentenced.

Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Because the only argument Martinez makes does not does not address equitable tolling, this Court has no basis to determine whether Martinez  meets the stringent requirements for equitable tolling. Accordingly, the Court concludes that Martinez' failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

---

[5]  At the time the judgment was entered, Rule 26(a)  provided that when calculating time a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days."  Fed. R. App. P. 26(a)(2).

**C.      Martinez Has Not Shown Cause or Prejudice**

"Usually, after a conviction and exhaustion or waiver of any right to appeal, [a court] is entitled to presume that the defendant stands fairly and finally convicted." United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citing United States v. Frady, 456 U.S. 152, 164 (1982) and United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.1991)). A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude. Shaid, 937 F.2d at 232 (citing Hill v. United States, 368 U.S. 424, 428 (1962)). "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

Even if Martinez' claim that his equal protection rights were violated was not time barred, it  does not survive cause and prejudice analysis because he failed to appeal and does not allege any cause for his failure to do so.

**D.      The Court Does Not Construe Martinez' Filing to State an Ineffective Assistance Claim for Failure to File a Notice of Appeal**

Martinez mentions that counsel was ineffective for her failure to file a notice of appeal. Even if his § 2255 motion were not time-barred, Martinez' allegations are insufficient.

"In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court held that the failure to file a requested NOA is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit. If a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance even without a showing that the appeal would be meritorious." United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470, 477, 486 (2000)) (internal citations omitted).

Martinez states on his form that counsel failed to file a notice of appeal and his failure to do so constituted ineffective assistance. Martinez does not list this alleged failure as a ground of relief, but supplies this as answer to a question on the § 2255 form. Martinez does not state any facts in support of this allegation. Although counsel is *per se* ineffective if he fails to  file a notice of appeal after a criminal defendant requests that counsel do so, Martinez' bald statement is insufficient to state a ground of relief. Martinez does not provide sufficient factual detail to determine whether Martinez requested that counsel file a notice of appeal or even to determine whether counsel addressed Martinez' appeal rights with him.[6] Although this Court  construes *pro se* § 2255 petitions liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) (citing United States v. Woods, 870 F.2d 285, 288 n. 3 (5th Cir.1989)). This issue fails on grounds of untimeliness and Martinez' failure to state sufficient facts to make out a claim for relief.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c)

---

[6]   Although the government did not request transcripts in this case, the Court has reviewed the recording of sentencing and confirmed that Martinez was advised by the Court of his right to file a notice of appeal within 10 days of the date of sentencing. Martinez stated he understood. ERO9/16/2009 at 1:58:35/49.

requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Martinez is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Martinez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 56) is DISMISSED WITH PREJUDICE. He is also DENIED a Certificate of Appealability.

SIGNED and ORDERED this 30th day of August, 2011.

Janis Graham Jack
Senior United States District Judge